**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30286 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00158-SPW-1 |
| v. | |
| RANDY LEE LITTLEBIRD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Randy Lee Littlebird appeals from the district court's judgment and

challenges the 300-month sentence imposed following his guilty-plea conviction

for second degree murder committed on a reservation, in violation of 18 U.S.C.

§§ 1111 and 1153; strangulation on a reservation, in violation of 18 U.S.C. §§ 113

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 1153; and domestic abuse by an habitual offender, in violation of 18 U.S.C. § 117. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Littlebird contends that his sentence is substantively unreasonable in light of his genuine remorse and acceptance of responsibility. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the totality of circumstances, *see id.*, and the 18 U.S.C. § 3553 sentencing factors, including Littlebird's history and characteristics, the nature and circumstances of the offenses, the need to protect the public, and the need to provide just punishment for the offenses. Contrary to Littlebird's argument, the fact that the 270-month sentence he recommended might have also satisfied the sentencing factors does not show that the 300-month sentence is substantively unreasonable. *See Gall*, 552 U.S. at 51-52.

**AFFIRMED.**